THE CITY OF CHICAGO, Plaintiff-Appellee, *v.* VINCENT GERACI *et al.*, Defendants-Appellants.

(No. 56883;

First District (4th Division)—February 21, 1973.

*Rehearing denied April 3, 1973.*

Howard T. Savage, of Chicago, for appellants.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and John S. Elson, Assistant Corporation Counsel, of counsel,) for appellee.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

This appeal involves the sale of allegedly obscene magazines. On December 5, 1969, the Circuit Court of Cook County entered judgments in 21 separate cases finding the defendants, all commercial book sellers, guilty of violating the Chicago obscenity ordinance. (Municipal Code of Chicago, 1971, sec. 192—9.) Each case was tried without a jury upon stipulated evidence, and each resulted in the defendant being fined. The defendants filed a consolidated appeal directly to the Supreme Court, and the Supreme Court ordered the cause transferred to this court.

The facts are the same in each case. Police Officers purchased one or more magazines from each of the defendants. The officers presented these magazines to various judges of the Circuit Court of Cook County who found probable cause for the filing of complaints and issuance of warrants for the arrest of the defendants. At trial, it was stipulated to by the parties that prior to their arrest the defendant received no notice that an arrest was to be sought, nor was an adversary hearing held for the purpose of determining whether the magazines were obscene. It was also stipulated that all of the magazines were purchased by police officers and that none of the cases involved pandering or sales to juveniles. The City introduced into evidence the magazines themselves, information pertaining to their purchase and, when such was in issue, evidence as

to whether a particular defendant was aware of the contents of the magazine(s) which he sold. At the close of this evidence each of the defendants was found guilty and fined.

On appeal the defendants contend that (1) the proceedings violated their constitutional rights to freedom of speech and press because no hearing was held prior to their arrest to determine whether the magazines were obscene and (2) that the magazines in questions are not obscene and thus are protected by the United States and Illinois constitutions.

In its brief and again in oral argument the City conceded that the recent decision of the Illinois Supreme Court in *City of Chicago v. Geraci*, 46 Ill.2d 576, is dispositive of 16 of the cases included in this appeal. In *Geraci*, the defendants, some of whom are also defendants in the present case, were convicted of violating the Chicago obscenity ordinance. Involved were 17 magazines and one paperback book, all allegedly obscene. In reversing the convictions the court stated that:

> "The third category of publications consists of 14 magazines which contain photographs, many in color, of completely naked female models. * * * Many of the models in these magazines appear in a reclining position on a bed or sofa, and all of them are posed seductively with their legs spread in such a way that their genitals are not only clearly revealed but are made the focal point of the photograph. Aside from the nature of the pose, however, none of the models is engaged in any explicitly sexual activity either alone or in conjunction with another person."

46 Ill.2d at 580.

The court held that none of the magazines in the "third category" was obscene. In the present case, the following magazines are of the same type: "Exciting"; "Eurovision", Vol. 1, No. 1; "Private Sexational", Vol. 2; "Lovey Dovey", Special Collectors Edition No. 3; "Tammy", Vol. 1, No. 1; "Manon", Special No. 9; "Zinger", Special Collectors Edition No. 1; "Exclusive in Colors"; "Cat", No. 1; "Garter Girls", Vol. 3, No. 3; "Pendulum", Vol. 1, No. 2; "Madames"; "Black and Sexy", Special Collectors Edition No. 1; "France", Vol. 1, No. 2, and "Lights 'n Shadows", No. 5. Also in this category are six photographs sold by the defendant Vincent Geraci.

As to the convictions based upon the sale of these items the City has confessed error. Accordingly, the following convictions are reversed: Vincent Geraci, cause number 69 MC1-397002; Charles Kimmel, cause number 69 MC1-397004; Charles Kimmel, cause number 69 MC1-397005; John Geraci, cause number 69 MC1-397006; Vincent Geraci, cause number 69 MC1-397007; Charles Gould, cause number 69 MC1-397008; Vincent Geraci, cause number 69 MC1-397021; Bill Maier, cause number

69 MC1-397022; Vincent Geraci, cause number 69 MC1-397023; Charles Kimmel, cause number 69 MC1-397025; Charles Kimmel, cause number 69 MC1-397026; Leo Weintraub, cause number 69 MC1-397034; Charles Gould, cause number 69 MC1-397036; Marc Lully, cause number 69 MC1-397040, and Mark Eber, cause number 69 MC1-397042.

We next direct our attention to the eight remaining publications, which the City contends are obscene. These are: "Naked"; "Tonight", Vol. 7, No. 4; "Jaybird Journal"; "Busy Body"; "Heads Up", Vol. 1, No. 1; "Love Birds"; "Lasses and Glasses", Vol. 2, No. 2, and "Two", Vol. 1, No. 1.

The ordinance under which the defendants were convicted provides that:

> "It shall be unlawful for any person knowingly to exhibit [or] sell * * * any obscene book [or] magazine * * *. Obscene for the purpose of this section is defined as follows: Whether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interests."

The constitutionality of this ordinance was upheld in *City of Chicago v. Kimmel*, 31 Ill.2d 202. It is the contention of the City that the eight magazines in question are of the type held to be obscene as a matter of law in *People v. Ridens*, 51 Ill.2d 410. In describing the magazines which it found obscene, the court in *Ridens* stated:

> "The color photographs, of which these magazines are almost exclusively composed, portray nude males and females, engaged in seductive embraces, posed with their legs spread so as to focus attention on their genitals. Although none of the models portrayed is actually engaged in sexual activity, it is clear from some sequences of photographs that sexual activity is suggested and imminent. The models in many instances have their hands, or mouths, close to another's genitals, suggestive of abnormal sexual conduct. The females are posed with their heads close to the male sex organ, and vice versa. In some of the pictures, several of the naked males and females are photographed while lying on top of one another, and in other pictures, two females are shown suggestively embracing and fondling one male."

51 Ill.2d at 417.

■■ After carefully reviewing the magazines which are the subject of the present case, we agree that four of them contain material of the type described in *Ridens*. Therefore we hold that the magazines, "Lasses and Glasses", Vol. 2, No. 2, "Jaybird Journal"; "Love Birds" and "Busy Body", are obscene, and we affirm the following convictions: George

Arcuri, cause number 69 MC1-397027; James Riggio, cause number 69 MC1-397039, and Horace James, cause number 69 MC1-397041.

■■ While the remaining four magazines are somewhat similar to those described in *Ridens*, we believe that they are distinguishable and therefore not obscene. "Two", Vol. 1, No. 1, consists entirely of color photographs of nude female models posed in pairs. In some of the photographs the models are posed in such a way that their limbs or bodies are intertwined. In none of the scenes, however, is there any suggestion of sexual activity between the two persons depicted. Therefore, we believe that this magazine closely approximates those found not obscene in *City of Chicago v. Geraci*, 46 Ill.2d 576. "Heads Up", Vol. 1, No. 1, consists primarily of photographs which depict the genitals of human beings alone or in juxtaposition with people or objects. Under each photo is a caption which relates to the things depicted and is intended to be humorous. As might be expected, the humor attempted is somewhat ribald; however, none of the photos suggests actual sexual conduct.

■■ "Tonight", Vol. 7, No. 4, and "Naked" both contain photographs of men and women in groups of various sizes. In some of these pictures the genitals are exposed and are the focal point of the scene. However, the photos are contrived in such a way that they do not suggest sexual conduct among the participants. In "Tonight" for example several sequences appear which depict a man and woman in various embraces. In all of them the man is wearing a pair of pants. "Naked" depicts a group of men and women, all naked, frolicking on a beach and later at a party. The size of the group, as well as the nature of the surroundings, makes it apparent that sex is not imminent.

Having concluded that the last group of magazines is not obscene, we reverse the following convictions: John Trend, cause number 69 MC1-397014; James Riggio, cause number 69 MC1-397038, and John Geraci, cause number 69 MC1-397003. In the last cause the defendant, John Geraci, was convicted for the sale of the magazines "Two" and "Private Sexational". As we indicated earlier in this opinion, the City conceded that under the holding of *City of Chicago v. Geraci*, 46 Ill.2d 576, "Private Sexational" is not obscene.

■■ Finally, we turn our attention to the defendants' contention that the City's failure to hold a hearing to determine whether the magazines were obscene prior to their arrest deprived them of various constitutional rights. It is undisputed in the present case that no search warrants were issued and that the defendants were arrested only after they sold magazines to police officers. There was no seizure of all copies of the magazines and the defendants' businesses were not interrupted. In *People v. Ridens*, 51 Ill.2d 410, our Supreme Court considered the same argument,

made with respect to identical facts. It held that under such circumstances there is no prior restraint and therefore, no right to an adversary hearing on the question of obscenity prior to arrest. In view of this, we hold that the defendants in the present case were not deprived of their constitutional rights by the City's failure to hold an adversary hearing prior to their arrest.

For the foregoing reasons the judgments of the Circuit Court of Cook County are affirmed in part and reversed in part as outlined in this opinion.

Affirmed in part and reversed in part.

ADESKO and DIERINGER, JJ., concur.