THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KURT MELANDER *et al.,* Defendants-Appellants.

(No. 72-31;

Second District—April 6, 1973.

Paul C. Ross and Morton J. Rubin, both of Chicago, for appellants.

William J. Scott, Attorney General, of Springfield, and Jack Hoogasian, State's Attorney, of Waukegan, for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

This is an appeal from the Circuit Court of Lake County where the trial court found that certain publications were obscene. There were three cases which were consolidated in the trial court and heard by the court. The trial court found that each of the four publications were obscene, found the defendants guilty of the offense of obscenity, and assessed a fine of $250 against Kurt Melander d/b/a King's Food Store, a fine of $250 against Capitol News Agency, Inc., an Illinois Corporation, and a fine of $250 each against Affiliated Books Distributors Inc., an Illinois Corporation, and North Shore Distributors, Inc., an Illinois Corporation.

On January 2, 1969, two reporters for the Waukegan News Sun purchased one of the publications, "Climb Every Wanton" from a grill in North Chicago, Illinois, and the book "Dyke on the Loose" from a store in Gurnee, Illinois. It was stipulated that the defendant distributor, Capitol News Agency Inc., an Illinois Corporation, admitted the sale and delivery of the book "Climb Every Wanton." It was also stipulated that the book "Dyke on the Loose" was sold and delivered by the defendants, the Affiliated Book Distributors, Inc., an Illinois Corporation, and North Shore Distributors Inc., an Illinois Corporation. It was further stipulated that Kurt Melander (d/b/a King's Food Store) sold a number of publications including the magazine "Sensation" and the book "Horny Lifeguard." The evidence deposition filed herein indicates they were purchased by an assistant State's Attorney of Lake County.

The only issue presented in this case is whether or not the books "Horny Lifeguard", "Climb Every Wanton", "Dyke on the Loose", and the magazine "Sensation" are obscene. The trial court found that all four of the publications were obscene.

Counsel for the defendants has cited *Roth v. United States* (1957), 354 U.S.476, 485, 1 L.Ed.2d 1498, 1507, 77 S.Ct. 1304, and argues that

the publications involved herein are constitutionally protected expressions. In *Roth*, the first premise laid down by the Supreme Court is "obscenity is not within the area of constitutionally protected speech or press." The Supreme Court further stated in *City of Chicago v. Geraci* (1970), 46 Ill.2d 576, 578, 264 N.E.2d 153, 155:

> "In a case of this nature, the court must make an independent constitutional judgment as to whether the publications in issue are obscene or constitutionally protected."

■■ We turn first to the magazine "Sensation." The Supreme Court of Illinois in *People v. Ridens* (1972), 51 Ill.2d 410, 417, 282 N.E.2d 691, 695, considered a magazine of similar import to the one in evidence before us, and stated:

> "The remaining issue for consideration is the propriety of the trial court's judgment that these publications are obscene as a matter of law. The color photographs, of which these magazines are almost exclusively composed, portray nude males and females, engaged in seductive embraces, posed with their legs spread so as to focus attention on their genitals. Although none of the models portrayed is actually engaged in sexual activity, it is clear from some sequences of photographs that sexual activity is suggested and imminent. The models in many instances have their hands, or mouths, close to another's genitals, suggestive of abnormal sexual conduct. The females are posed with their heads close to the male sex organ, and vice versa. In some of the pictures, several of the naked males and females are photographed while lying on top of one another, and in other pictures, two females are shown suggestively embracing and fondling one male. In these pictures, the focal point is the genitals of the parties. We find that the sole appeal of these magazines is to the prurient interests; the dominant theme of these publications is to a morbid interest in nudity and sex. The scenes shown and the detail in the photographs are patently offensive in that such depiction goes beyond the customary limits of candor in this State. Not one of these magazines has any literary or artistic merit and they are utterly without redeeming social value. They are all obscene."

Examination of the magazine "Sensation" fits the description as set forth above by the Supreme Court almost exactly. We therefore find the same to be obscene and utterly without redeeming social value. See also *City of Chicago v. Geraci* (1973), 10 Ill.App.3d 688.

■ We have read the three books in question here and find that each of them is "utterly without redeeming social importance" as set forth in *Roth, supra*. We further find each of them to be a collection of chron-

icles of intercourse, masturbation, flagellation, fellatio, cunnilingus, lesbianism, rape, and murder, purely for its prurient appeal, held together by the merest modicum of story or plot. It is obvious that the books were written for the express purpose of setting forth the sexual activities that would appeal to the prurient interest of the reader and any attempt to find any socially redeeming value in any of the three books would be impossible. We therefore find the books, "Climb Every Wanton", "Dyke on the Loose", "Horny Lifeguard" and the magazine "Sensation" to be obscene.

The convictions of Kurt Melander (d/b/a King's Food Store), Capitol News Agency, Inc., an Illinois Corporation Affiliated Book Distributors, Inc., an Illinois Corporation, and North Shore Distributors, Inc., an Illinois Corporation, are affirmed.

Judgments affirmed.

SEIDENFELD and ABRAHAMSON, JJ., concur.