The People of the State of Illinois, Plaintiff-Appellee, *v.* Jerry Mabie, Defendant-Appellant.

(No. 12050; ▮▮▮▮▮▮▮▮▮▮)

Fourth District—July 17, 1975.

Edward H. Rawles and Donald M. Reno, Jr., both of Reno, O'Byrne & Kepley, of Champaign, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (James R. Coryell, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant, Jerry Mabie, appeals from his conviction following a jury trial for the offense of obscenity in violation of section 11—20 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 11—20) and from a sentence imposed of a $750 fine plus costs. Defendant raises the following issues before this court: (1) Whether the trial court erred in not entering a directed verdict at the close of the State's case because the State failed to introduce any evidence of contemporary community standards; (2) Whether the sale and unobtrusive display of allegedly obscene material to a willing adult public without availability to juveniles is constitutionally protected; and (3) Whether the court erred in giving certain instructions.

On February 14, 1972, a criminal complaint was filed against defendant charging him with the offense of obscenity. On May 22, 1972, a two-count information was filed charging defendant with the sale of obscene material in violation of section 11—20(a)(1) and with the possession of obscene material with intent to disseminate in violation of section 11—20(a)(5) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 11—20). At the trial Detective McMinn, a Decatur policeman, testified that on February 10, 1972, he went to defendant's Adult Book and Cinema Shop and purchased from defendant a book entitled "The Oral Way" and a film entitled "Coming Together." He stated that at the time of the purchase defendant described to him the contents of the film. Detective Meyers, also a Decatur policeman, testified that on the date in question he purchased from defendant two books, one of which was entitled "The Oral Way." McMinn and Meyers identified the movie and book as People's Exhibits Nos. 2 and 3. Investigator Sheehy of the Macon County State's Attorney's office testified that on the date in question he went to defendant's store and purchased from Steve Camp, in the presence of defendant, books and a magazine entitled the "Sexual Threesome: A Study of Troilistic Marriage" (People's Exhibit No. 5), "Handbook of Fellatio" (People's Exhibit No. 6), and "Swedish Sexual Pleasure" (People's Exhibit No. 7). The film was then shown to the jury in open court, and the State rested. Defendant's motion for a directed verdict was denied by the court. The defense then rested. Defendant's motion for a directed verdict after all the evidence was also denied. After the jury was unable to reach a verdict on count I (selling obscene material), the court declared a mistrial as to that count. The jury then returned a verdict of guilty as to count II (possession of obscene material with intent to disseminate). On July 10, 1972, the trial court denied defendant's post-trial motion. On July 20, 1972, after a hearing in aggravation and mitigation, defendant was fined $750 plus costs.

In *Miller v. California*, 413 U.S. 15, 24, 37 L.Ed.2d 419, 430, 93 S.Ct.

2607, 2614, the United States Supreme Court established a definitive test for State regulation of pornography. The court, in *Miller*, stated:

"\* \* \* we now confine the permissible scope of such regulation to works which depict or describe sexual conduct. That conduct must be specifically defined by the applicable state law, as written or authoritatively construed. A state offense must also be limited to works which, taken as a whole, appeal to the prurient interest in sex, which portray sexual conduct in a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political, or scientific value.

The basic guidelines for the trier of fact must be: (a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appears to the prurient interest [citations] (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value."

In *People v. Ridens*, 59 Ill.2d 362, 321 N.E.2d 264 *cert. denied*, — U.S. —, 44 L.Ed.2d 483, 95 S.Ct. 2000, the Illinois Supreme Court, on remand from the United States Supreme Court (*Ridens v. Illinois*, 413 U.S. 912, 37 L.Ed.2d 1030, 93 S.Ct. 3046) upheld the constitutionality of the Illinois obscenity statute (Ill. Rev. Stat. 1969, ch. 38, par. 11—20) in light of *Miller* and stated that the Illinois statute substantially incorporates or is, at least, consistent with the requirements established in *Miller* for State regulation of pornography.

■■ Defendant first contends that the trial court erred in not entering a directed verdict at the close of the State's case because the State failed to introduce any evidence of contemporary community standards. Hence, it is contended that the State did not meet its burden of proof, and defendant was not convinced beyond a reasonable doubt. We do not agree. Our supreme court has held that no proof other than the offending publication is required for the State to meet its burden, and that proof of contemporary community standards is unnecessary in an obscenity prosecution in this State. *City of Chicago v. Kimmel*, 31 Ill.2d 202, 201 N.E.2d 386; *People v. Ridens*, 51 Ill.2d 410, 282 N.E.2d 691. See also *Paris Adult Theatre I v. Slaton*, 413 U.S. 49, 56-57, 37 L.Ed.2d 446, 456, 93 S.Ct. 2628, 2634.

■■ Defendant also contends that the sale and unobtrusive display of allegedly obscene material to a willing adult public without availability to juveniles is constitutionally protected. We do not agree and find the United States Supreme Court opinion in *Paris Adult Theatre I v. Slaton*, 413 U.S. 49, 58-59, 37 L.Ed.2d 446, 457, 93 S.Ct. 2628, 2635, to be dis-

positive of this issue. In that case the court held that pornographic and obscene films do not acquire constitutional immunity solely because they are shown only to consenting adults and are not obtrusively thrust upon unconsenting adults. The court further stated that although the States have an important interest in regulating the exhibition of obscene material to unconsenting adults and juveniles, the States also have a legitimate interest in "stemming the tide of commercialized obscenity" as long as the regulations are within the specific constitutional guidelines established by the court in *Miller*.

■■ Defendant further contends that the trial court erred in giving People's instructions Nos. 9 and 11 and in refusing to give defendant's instructions Nos. 2 and 3. Defendant's tendered instructions would have required the jury to make an additional finding that defendant either pandered the material, thrust the material upon unconsenting adults, or allowed the material to be made available to juveniles. We find our discussion of the *Slaton Adult Theatre I* opinion to also be dispositive here. Since the States also have an interest in regulating commercial obscenity regardless of how it is displayed, the instructions requested by defendant would not have accurately informed the jury of the applicable law. Therefore, the trial court did not err in refusing said instructions.

We find that defendant was convicted under our obscenity statute in accordance with the constitutional safeguards imposed by *Miller*. Accordingly, the judgment of the circuit court of Macon County is hereby affirmed.

Judgment affirmed.

CRAVEN and TRAPP, JJ., concur.