THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* NICOLE TAYLOR, Defendant-Appellee.

First District (4th Division) No. 61664

Opinion filed January 14, 1976.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Eugene J. Rudnik, Jr., Assistant State's Attorneys, of counsel), for the People.

Patrick A. Tuite, of Chicago, for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Nicole Taylor, was charged by complaint with performing an obscene act for gain in violation of section 11—20(a)(4) of the Criminal Code. (Ill. Rev. Stat. 1973, ch. 38, par. 11—20(a)(4).) The defendant's pretrial motion to dismiss the charge for failure to state an offense was sustained by the trial court. On appeal, the State contends that the fondling for gain of another adult's genital organs does violate the above mentioned obscenity provision of the Criminal Code.

A review of the record reveals that on August 7, 1974, a complaint was filed against the defendant in the municipal division of the circuit court. This complaint alleged that the defendant committed the offense of obscenity in violation of section 11—20(a)(4) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 11—20(a)(4) in that she, while naked and with knowledge of her subsequent conduct, fondled the penis of a Chicago policeman for ten dollars on the premises of a place of business known as "Just Filmz." It was also asserted that prior to the defendant's obscene act, which was undertaken solely in the presence of the complainant, she unbuckled and pulled down his trousers.

On October 31, 1974, the trial of this cause commenced but was continued for argument with respect to the law. The trial reconvened on December 13, 1974, at which time an amended complaint was filed. The defendant moved to dismiss this complaint on the basis that "the act performed in the sole presence of two people without force is not a crime of obscenity under the law." The State refuted such contention by arguing that in light of community standards, the defendant's act was obscene and, since it was performed for gain, she violated section 11—20 (a)(4) of the Criminal Code. (Ill. Rev. Stat. 1973, ch. 38, par. 11—20 (a)(4).) After reviewing the pertinent existing ordinances and statutes in the city of Chicago and the State of Illinois concerning the prohibition of sexual acts, as well as subsequently commenting that resolution

of the instant case was not for the police court but for an "appellate level tribunal," the trial court sustained the motion to dismiss on the basis that the defendant's act did not violate any legislative enactment. Section 11—20(a)(4) of the Criminal Code provides that:

"A person commits obscenity when, with knowledge of the nature or content thereof, or recklessly failing to exercise reasonable inspection which would have disclosed the nature or content thereof, he:

(4) Performs an *obscene* act or otherwise presents an obscene exhibition of his body *for gain*." (Ill. Rev. Stat. 1973, ch. 38, par. 11—20(2)(4).) (Emphasis added.)

Inasmuch as the essential element of "for gain" was alleged in the complaint against the defendant and was not contraverted by either party, disposition of this cause of action evolves around whether the fondling of an adult male's penis by a naked adult female in a private room of a place of business with no one else present constitutes an "obscene act" within the ambits of section 11—20(a)(4) of the Criminal Code.

■■ According to section 11—20(b) of the Criminal Code, the defendant's conduct can be considered obscene if (1) considered as a whole, its predominant appeal is to prurient interest, equated to a shameful or morbid interest in nudity, sex, or excretion and (2) if it goes substantially beyond customary limits of candor in description or representation of such matters. (Ill. Rev. Stat. 1973, ch. 38, par. 11—20(b).) Although the legislature promulgated this bifurcated test for delineating whether certain subject matter is obscene, the defendant posits that in light of another subsection of this obscenity statute (Ill. Rev. Stat. 1973, ch. 38, par. 11—20(c)), the trial court's ruling should be affirmed because the conduct in controversy does not fall within the prohibition of the obscenity statute without the allegation that the act was intended for an audience. Despite such contention, we believe that the trial court erred in ruling that the act performed by the defendant in a place of business was not, as a matter of law, an "obsence act for gain" within the purview of this obscenity statute.

While we initially agree with the defendant that in the majority of adjudications construing section 11—20 of the Criminal Code, the subject of the obscenity prosecution was either a book, magazine or motion picture (*e.g., People v. Gould,* 60 Ill.2d 159, 324 N.E.2d 412 (magazines); *People v. Mabie,* 30 Ill.App.3d 399, 331 N.E.2d 869 (book and motion picture)), it must be remembered that not only can obscenity manifest itself in the pictorial representations or written descriptions of conduct, but the conduct itself also may be held to be obscene. (*Kaplan*

*v. California,* 413 U.S. 115, 119, 37 L.Ed.2d 492, 497, 93 S.Ct. 2680.) Moreover, even though nudity alone is not enough to make certain conduct or material legally obscene (*Jenkins v. Georgia,* 418 U.S. 153, 161, 41 L.Ed.2d 642, 650, 94 S.Ct. 2750; see *Erznoznik v. City of Jacksonville,* 422 U.S. 205, 213, 45 L.Ed.2d 125, 133, 95 S.Ct. 2268), both the Illinois Supreme Court and appellate courts have consistently held that pictorial or written portrayals of nudity are obscene if there are accompanying indications of imminent and impending explicit sexual activity. See, *e.g., People v. Ridens,* 51 Ill.2d 410, 417, 282 N.E.2d 691, 695, *vacated and remanded,* 413 U.S. 912, 37 L.Ed.2d 1030, 93 S.Ct. 3046, *aff'd,* 59 Ill.2d 362, 321 N.E.2d 264; *City of Chicago v. Geraci,* 46 Ill.2d 576, 580-81, 264 N.E.2d 153, 155-56; *People v. Melander,* 10 Ill. App.3d 879, 881, 295 N.E.2d 20, 22; *People v. Penney,* 7 Ill.App.3d 191, 196-98, 287 N.E.2d 220, 224-25.

■■ Applying the above judicial precepts to the case at bar, we believe that the defendant's conduct, when considered as a whole, did appeal to a prurient interest in nudity and sex and did go substantially beyond the customary limits of candor in the representation of such matters. The instant case did not involve mere nudity; rather, the defendant's conduct entailed the explicit sexual activity of pulling down the complainant's trousers and fondling his penis while she was naked. We agree with the State that if pictorial or written accounts of simulated or imminent masturbatory acts have been held to be obscene (*e.g., People v. Ridens,* 51 Ill.2d 410, 417, 282 N.E.2d 691, 695; *People v. Melander*), then it logically follows that the actual manipulation of another's genitals constitutes an "obscene act" within the purview of the obscenity statute.

■■ We further believe the defendant's assertion that the conduct at bar cannot be found to be an "obscene act" without the presence of an audience is unwarranted. While the defendant particularly relies on the usage, in four separate instances, of the word "audience" in section 11—20(c) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 11—20(c)), which is entitled "Interpretation of Evidence," in support of his contention, it is important to note that when a statute, be it criminal or civil, is judicially construed, the primary emphasis of such construction is to give effect to the intent of the legislature. (*E.g., People v. Scott,* 57 Ill.2d 353, 358, 312 N.E.2d 596, 599; *People v. Wallace,* 57 Ill. 2d 285, 289, 312 N.E.2d 263, 266.) In ascertaining this legislative intent, consideration must not only focus on the language used in the statute but the evil to be remedied as well as the objective to be attained. *E.g., People v. Dednam,* 55 Ill.2d 565, 568, 304 N.E.2d 627, 629; *People v. Spencer,* 131 Ill.App.2d 551, 553, 268 N.E.2d 192, 193.

■■ In light of such judicial tenets, it is evident that resolution of the matter in controversy is not dependent upon whether the defendant's conduct was intended for an audience. As previously mentioned, the integral elements of section 11—20(a)(4) of the Criminal Code are that an individual (1) performs an obscene act and (2) such conduct is for gain. (Ill. Rev. Stat. 1973, ch. 38, par. 11—20(a)(4).) There is not any language contained in this statutory directive requiring that such conduct be intended for an audience. Moreover, the fact that the defendant's conduct took place in the privacy of a business establishment unequivocally verifies that the legislature intended to proscribe the defendant's conduct without the necessity of an audience since the evil to be remedied as well as the objective of this obscenity statute is to control the commercial dissemination of obscenity (Ill. Ann. Stat. ch. 38, § 11—20, Committee Comments, at 488 (1972)), and it has been held that a State does have an interest in regulating commercial obscenity regardless of the manner in which it is displayed. (*People v. Mabie*, 30 Ill.App.3d 399, 402, 331 N.E.2d 869, 872; see *Paris Adult Theatre I v. Slaton*, 413 U.S. 49, 57-58, 37 L.Ed.2d 446, 457, 93 S.Ct. 2628.) Finally, the defendant's reference to the fourfold mention of the word "audience" in section 11—20(c) of the Criminal Code as evincing the intent of the legislature to control the dissemination of obscene material to "audiences," which she defines in her brief as "both a live audience in a theatre or cabaret and a single person audience reading a book or magazine," is also without merit. Section 11—20(c) of the Criminal Code provides:

"Obscenity shall be judged with reference to ordinary adults, except that it shall be judged with reference to children or other specially susceptible *audiences* if it appears from the character of the material or the circumstances of its dissemination to be specially designed for or directed to such an *audience*.

Where circumstances of production, presentation, sale, dissemination, distribution, or publicity indicate that material is being commercially exploited for the sake of its prurient appeal, such evidence is probative with respect to the nature of the matter and can justify the conclusion that the matter is utterly without redeeming social importance.

In any prosecution for an offense under this Section evidence shall be admissible to show:

(1) The character of the *audience* for which the material was designed or to which it was directed;

(2) What the predominant appeal of the material would be for ordinary adults or a special *audience*, and what effect if any, it would probably have on the behavior of such people;

(3) The artistic, literary, scientific, educational or other merits of the material, or absence thereof;

(4) The degree, if any, of public acceptance of the material in this State;

(5) Appeal to prurient interest, or absence thereof, in advertising or other promotion of the material;

(6) Purpose of the author, creator, publisher or disseminator."

(Ill. Rev. Stat. 1973, ch. 38, par. 11—20(c).) (Emphasis added.) The Committee Comments concerning this section clearly indicate that the purpose of this legislative provision is not to require that certain subject matter be intended for an audience before an individual may be deemed to have committed the offense of obscenity; rather, the provisions contained in this section "are *only* listed to serve as a guide and to deter a trial court from holding any one of the types [of evidence listed herein] to be inadmissible in a proper case". (Ill. Ann. Stat. ch. 38, § 11—20, Committee Comments, at 488 (1972).) (Emphasis added.) Therefore, we conclude that the defendant's fondling of the complainant's genitals did constitute an "obscene act" and since it was performed for gain, such conduct did come within the purview of section 11—20(a)(4) of the Criminal Code. Ill. Rev. Stat. 1973, ch. 38, par. 11—20(a)(4).

For the reasons given, the dismissal of the complaint is reversed and the cause is remanded to the circuit court for further proceedings.

Reversed.

ADESKO and DIERINGER, JJ., concur.