EILEEN WHEELER, d/b/a Ana's Sauna, *et al.*, Plaintiffs-Appellees-Appellants, *v.* THE CITY OF ROCKFORD *et al.*, Defendants-Appellants-Appellees.

Second District   No. 77-537

Opinion filed March 15, 1979.

A. Curtis Washburn and Stephen W. McCarty, both of City of Rockford Department of Law, of Rockford, for appellants City of Rockford *et al.*

Gary R. Kardell, of Brassfield, Cowan & Howard, of Rockford, for appellees Eileen Wheeler *et al.*

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This appeal is from an order finding section 8 of the Rockford Massage Establishments and Massage Services ordinance to be unconstitutional, and finding section 13 and section 16 of that ordinance to be constitutional. Plaintiffs, Eileen Wheeler, d/b/a Ana's Sauna, and Mavis Carter, an employee of Ana's Sauna, sought a declaratory judgment that these and other sections of the ordinance were unconstitutional; defendant appeals the finding as to section 8, and plaintiffs cross-appeal as to sections 13 and 16.

Section 8 of the ordinance provides that "* * * [i]t shall be unlawful for any person holding a permit under this section to treat a person of the opposite sex * * *" except in certain specified circumstances. Plaintiffs argue that section 8 violates article I, section 18 of the Illinois Constitution, which provides:

> "The equal protection of the laws shall not be denied or abridged on account of sex by the State or its units of local government and school districts." (Ill. Const. 1970, art. I, §18.)

*People v. Ellis* (1974), 57 Ill. 2d 127, 311 N.E.2d 98, held that classifications based on sex are, under article I, section 18, "suspect" and "must withstand strict judicial scrutiny"; we bear this rule in mind when considering the constitutionality of section 8 quoted above.

■■ The basis on which section 8 operates is through a consideration of sex. Under the terms of the ordinance men are forbidden to massage women and women are forbidden to massage men. The sole consideration in determining whether a massage may be given is whether the person massaging is of a class of persons allowed to massage a specific customer; that is to say, the basis for allowing or refusing the right to give a massage is determined solely on whether the person massaging and the customer are of the same gender. We conclude that section 8 creates a classification based on sex the same as it would create a classification based on race if it prohibited members of one race from massaging members of another race. See *Loving v. Virginia* (1967), 388 U.S. 1, 18 L. Ed. 2d 1010, 87 S. Ct. 1817.

■■ ■ A classification based on sex may be upheld if grounded on a compelling State interest. (*People v. Ellis*.) Rockford has argued that the compelling interest which would be necessary to prohibit a person from massaging a person of the opposite sex lies in prohibiting conduct which is obscene (*People v. Taylor* (1976), 35 Ill. App. 3d 418, 342 N.E.2d 96) or which is a public nuisance (*Village of Bensenville v. Botu, Inc.* (1976), 39 Ill. App. 3d 634, 350 N.E.2d 239). We disagree. While it is important for a governmental body to be able to prohibit conduct such as that in *Taylor* or *Botu*, we believe that the proper method of enforcing such a prohibition is by enforcing the existing prohibitory statute as was done in the above cases. When viewed under strict judicial scrutiny, we do not find a compelling State interest in such a regulation of conduct where there are less intrusive means available under existing laws. Based on the above analysis, we cannot say that there exists a compelling State interest for the sex-based classification imposed by section 8 of the ordinance and we therefore hold it to be void for violating article I, section 18 of the Illinois Constitution. See also *Corey v. City of Dallas* (N.D. Tex. 1972), 352 F. Supp. 977.

■ Plaintiffs also contend that section 13 of the ordinance is

unconstitutional as a violation of freedom of speech. Section 13 prohibits massage establishments from advertising in ways which would suggest that employees, masseurs, and masseuses are dressed in a way other than that allowed by the ordinance, or that any services other than those defined by the ordinance are available. Regulation prohibiting false or misleading advertising is permissible (*Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.* (1976), 425 U.S. 748, 48 L. Ed. 2d 346, 96 S. Ct. 1817) and section 13 of the ordinance therefore is basically a restatement of existing law; therefore, we find it to be valid.

■ Finally, the constitutionality of section 16 is challenged. That section provides that the police shall from time to time, and at least twice a year, inspect each massage establishment to assure that the ordinance is complied with. Warrantless administrative searches of nonpublic areas of commercial buildings have been held to be unreasonable under the Fourth Amendment to the United States Constitution. (*See v. City of Seattle* (1967), 387 U.S. 541, 18 L. Ed. 2d 943, 87 S. Ct. 1737; *Marshall v. Barlow's, Inc.* (1978), 436 U.S. 307, 56 L. Ed. 2d 305, 98 S. Ct. 1816.) However, such a search has been allowed where it was conducted on business premises but not within any buildings (*Air Pollution Variance Board v. Western Alfalfa Corp.* (1974), 416 U.S. 861, 40 L. Ed. 2d 607, 94 S. Ct. 2114); exceptions to search warrant requirements are also recognized in limited circumstances for certain carefully defined classes of industries based on the history of extremely close government supervision (*United States v. Biswell* (1972), 406 U.S. 311, 32 L. Ed. 2d 87, 92 S. Ct. 1593 (firearms); *Colonnade Catering Corp. v. United States* (1970), 397 U.S. 72, 25 L. Ed. 2d 60, 90 S. Ct. 774 (liquor)); such would not be the situation in this cause. Accordingly, we view section 16 as unconstitutional in that it provides for warrantless administrative searches within nonpublic areas of a business building.

We accordingly affirm the trial court's finding that section 8 of the Rockford Massage Establishments and Massage Services ordinance is unconstitutional; that section 13 of the ordinance is constitutional; and we reverse the trial court's determination as to section 16 and hold that section to be unconstitutional.

Affirmed in part and reversed in part.

SEIDENFELD, P. J., and GUILD, J., concur.