PURITAN FINANCE CORPORATION, Plaintiff-Appellant, *v.* GUMDROPS, INC., *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 80-192

Opinion filed November 4, 1981.

Liebling, Hauselman & Miller, Ltd., of Chicago, for appellant.

Myron Minuskin, of Chicago (Marshall E. Winokur, of counsel), for appellees.

Mr. JUSTICE WHITE delivered the opinion of the court:

This case involving a replevin action is before this court for the second time. Puritan Finance Co. brought suit against defendant, Gumdrops, Inc., seeking to recover possession of certain electronic sound equipment in which Puritan held a perfected security interest. Puritan had originally entered into a financing agreement with Bobolar Productions, Ltd., whereby Puritan made a loan to Bobolar in the amount of $21,000 for the purchase of the equipment which was thereafter installed in the Ivanhoe Theater. Following its failure to make any payments under the agreement, Bobolar vacated the theater premises, which were later occupied by Gumdrops, Inc. When Gumdrops refused Puritan's demand to return the property, Puritan instituted the action.

At trial, Gumdrops asserted as an affirmative defense that if forced to return the property to Puritan, its business would be damaged far in excess of the value of the equipment. The trial court nonetheless determined that Puritan had a superior interest in the property and ordered the issuance of a writ of replevin in favor of Puritan. The court also set an appeal bond in the amount of $25,000. Gumdrops immediately appealed from this judgment but the appeal was dismissed for failure of Gumdrops

to submit a brief. The case was thereafter remanded to the trial court to determine "whether judgment should be entered in favor of plaintiff-appellee, Puritan Finance Corporation for interest, damages, or costs." During the pendency of that appeal, Puritan had filed a second suit under a theory of conversion in the law division of the circuit court of Cook County. This suit was still pending at the time of this appeal.

On remand of the original suit to the trial court, Puritan filed in the trial court a petition which prayed, "A. For dispersal of the bond proceeds as whole or partial judgment, and B. For reasonable attorney's fees." The trial court denied the petition without an evidentiary hearing. The court also declined upon subsequent motion by Puritan to vacate its order. It did, however, order Gumdrops to deliver to Puritan the property which was the subject matter of the suit. Puritan subsequently made an oral motion for an evidentiary hearing and the motion was again denied.

The principal question presented on appeal is: did the trial court by denying without an evidentiary hearing Puritan's petition for appeal bond proceeds and attorney's fees, violate this court's order remanding the case to the trial court for the purpose of determining whether judgment should be entered in favor of plaintiff-appellee Puritan Finance Corp. for interest, damages, or costs?

■■■ It is well established that "where the directives of a reviewing court are specific, a positive duty devolves upon the court to which the cause is remanded to enter an order or decree in accordance with the directions contained in the mandate. Precise and unambiguous directions in a mandate must be obeyed." (*Stuart v. Continental Illinois National Bank & Trust Co.* (1979), 75 Ill. 2d 22, 387 N.E.2d 312; *Smith v. Farmers' State Bank* (1946), 392 Ill. 456, 64 N.E.2d 865.) The petition presented by Puritan was patently an inartfully worded request for implementation of this court's mandate. It did not in the plain words of the mandate ask the trial court to hold a hearing to determine Puritan's entitlement, if any, to interest, damages or costs. However, in denying Puritan the hearing the trial court was looking at form rather than substance. The Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 33(3)) provides that "[p]leadings shall be liberally construed with a view to doing substantial justice between the parties." Section 42(2) states that "[n]o pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet." (Ill. Rev. Stat. 1979, ch. 110, par. 42(2).) Puritan was successful in the replevin action and, as discussed above, was entitled to a hearing to determine its damages. We agree with Puritan that its petition taken in conjunction with its oral motion and our mandate served to reasonably inform the court and the defendants that Puritan was seeking a hearing on the issue of damages.

██ The trial court, in denying plaintiff's subsequent oral motion for hearing, stated:

> "Well, I obviously took the easy way out of that one. Counsel, because you had an on going suit, and I thought instead of tying up my room I'd let you try that case somewhere else. It's true you have a right to determine your damages, if not in this action, then some place else. Inasmuch as you had filed that other action, I decided to allow you to proceed there. That was a matter of court convenience rather than any expression of my view that you had no right to a damage hearing."

The decision to deny plaintiff's motion appears to have been influenced by the pendency of the other related suit in the law division of the circuit court as well as by the judge's interest in judicial economy. This does not give the trial court the right to refuse to exercise its jurisdiction over the matter and to comply with the dictates of our mandate. As the appellate court noted in *Cousins Club, Inc. v. USA I Lehndorff Vermoegensverwaltung GmbH & Cie* (1976), 39 Ill. App. 3d 227, 228, 353 N.E.2d 169:

> "Where two actions between the same parties, on the same subject, and to test the same rights, are brought in different courts in Illinois having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the entire controversy to the exclusion of all coordinate courts."

The fact that a second related law suit was pending in the law division does not relieve the trial court receiving the remand from its duty to conduct a hearing as directed by this court. We believe that under these circumstances, where a direct order with instructions has been issued by this court, a trial judge has no discretion in the matter and must follow the mandate. Failure to do so was error.

We also find error in the trial court's finding as stated in its order of December 17, 1979, that "there is no basis under the Replevin Act, Ill. Rev. Stat. 1979, ch. 119, par. 1 *et seq.*, more particularly section 23, for the assessment of damages in favor of plaintiff and against the defendant Gumdrops, Inc., for the alleged wrongful detention, conversion or deficiency judgment or loss of the plaintiff sustained." Section 23 of the Act provides that: "If judgment is given for the plaintiff in replevin, he shall recover damages for the detention of the property while the same was wrongfully detained by the defendant." (Ill. Rev. Stat. 1979, ch. 119, par. 23.) Moreover, several Illinois cases have held that damages are awardable under the Replevin Act for wrongful detention of property. In *Welch v. Brunswick Corp.* (1973), 10 Ill. App. 3d 693, 294 N.E.2d 725, the appellate court found that a successful replevin plaintiff was entitled to return of the subject property and damages and stated that damages

awarded under section 23 of the Replevin Act are intended to provide full indemnity for damage suffered. Other cases have held likewise. *Krick v. First National Bank* (1972), 8 Ill. App. 3d 663, 290 N.E.2d 661; *Cottrell v. Gerson* (1938), 296 Ill. App. 412, 16 N.E.2d 529.

■■ Under the law set forth above, it is clear that Puritan, whose property had been wrongfully detained by Gumdrops, as determined initially by the trial court, was entitled under the Replevin Act to recover any damages it may have suffered that were not compensated for by the return of its property.

For the foregoing reasons, the judgment of the circuit court of Cook County denying plaintiff's petition for a hearing to determine its damages is reversed. The cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

RIZZI, P. J., and McNAMARA, J., concur.