DILANJIAN TAXI SERVICES, INC., *et al.*, Plaintiffs-Appellants, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (3rd Division)   No. 1—88—2298

Opinion filed September 19, 1990.

Edward A. Cohen and Russell C. Green, both of Chicago, for appellants.

Kelly R. Welsh, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Lynn K. Mitchell, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiffs-appellants, Dilanjian Taxi Services, Inc. (Dilanjian), and Gurdev Bhatthal (Bhatthal), appeal from the order of the circuit court dismissing count I of their amended complaint. On appeal, plaintiffs argue that the trial court erred in its ruling that (1) their damages were insufficiently pled and entirely speculative and (2) the issues raised were moot. We reverse and remand.

In count I of the amended complaint, plaintiffs alleged on behalf of themselves and those persons similarly situated that as owners of transferable taxi medallions, they had constitutionally protected property interests which the September 15, 1982, city ordinance violated. Specifically, they alleged that the prohibition of the assignment or transference of the medallions was unlawful in that it denied them the equal protection of the laws, deprived them of their property without due process of law and violated the Illinois Constitution of 1970. Their allegations with respect to the ordinance were as follows:

(a) it is discriminatory;

(b) it arbitrarily differentiates between individuals and corporations;

(c) it abrogates one's property rights without notice and an opportunity for a hearing;

(d) it allows the taking of one's property rights without just compensation;

(e) it fosters and perpetuates a monopolistic industry with respect to taxi medallion owners; and

(f) it is wholly without any rational basis and fails to serve any legitimate governmental interest.

Plaintiffs further alleged that they were injured by the ordinance in that:

(a) they were prevented from contracting for the sale of their

medallions and selling them at a profit;

    (b) they were forced to maintain the unfavorable sole proprietorship form of taxi business and prevented from establishing the preferential corporate entity;

    (c) they lost substantial sums of money as a direct result of the above.

The amended complaint states that Dilanjian owns taxi medallions Nos. 2601, 2614, 2647, 2428, 3031, 2653 and 3039, and that Bhatthal owns taxi medallions Nos. 2547 and 3230, all issued by the City of Chicago. Dilanjian and Bhatthal allege that in 1987, they submitted assignment documents to the City of Chicago in an attempt to assign their right, title, and interest in and to one or more of their medallions and the city refused to process the applications for assignment due to the September 1982 ordinance.

In count II, Kathleen Boomstra alleged that the ordinance deprived the estate of property without just compensation. Count II was dismissed without prejudice to plaintiff's right to assert the cause of action in the probate division. No issues are raised on appeal as to count II.

The issue on review is whether plaintiffs sufficiently pled facts constituting an injury so as to have standing such that they should have prevailed in the hearing on the motion to dismiss.

The Illinois General Assembly authorized the City of Chicago to license, tax and regulate taxicab operators. (Ill. Rev. Stat. 1985, ch. 24, par. 11—42—6.) The city promulgated a comprehensive ordinance for the licensing of taxicab operators in 1963 which provided for the creation of 4,600 taxicab licenses, subject to a $200 annual licensing fee. (Chicago Municipal Code §§28—22.1(a), 28—7 (1963).) The ordinance authorized the assignment of licenses. Chicago Municipal Code §28—9.1 (1963).

On July 16, 1982, the commissioner of consumer services unilaterally instituted a moratorium on the assignment and transferability of all taxi medallions. The United States District Court for the Northern District of Illinois found this action by the commissioner arbitrary and having no basis in law. (*Flower Cab Co. v. Petitte* (N.D. Ill. 1987), 658 F. Supp. 1170, 1180.) Subsequently, on September 15, 1982, the city council passed an ordinance prohibiting the transfer and assignment of taxi medallions, including the medallions which had been previously issued and were outstanding. (Chicago Municipal Code §28—8 (1982).) In January 1988, the city council passed an ordinance which repealed the prohibition and authorized the transfer and assignment of medallions. Chicago Municipal Code §28—19(F)(1) (1988).

Defendant argues that the amended complaint was properly dismissed because plaintiffs failed to allege specific facts showing that they had *bona fide* agreements to assign their medallions. Dilanjian attached to the amended complaint an assignment agreement wherein he was the assignor as president of Dilanjian Taxi Service, Inc., and assignee as the president of Top Hat Taxi Service Co.

■ Together with doctrines like mootness, ripeness and justiciability, the standing doctrine is one of the devices by which courts attempt to preserve for consideration only those disputes which are truly adversarial and capable of resolution by judicial decision. (*Greer v. Illinois Housing Development Authority* (1988), 122 Ill. 2d 462, 488, 524 N.E.2d 561, 573.) One component of standing, injury in fact, genuinely narrows the class of potential plaintiffs to those whose grievances may be redressed by such decisions. (*Greer*, 122 Ill. 2d at 488.) One who is hurt by illegal action should have a remedy. (*Greer*, 122 Ill. 2d at 488.) Therefore, one who is adversely affected by governmental action has standing to challenge its legality. (*Greer*, 122 Ill. 2d at 488.) Standing in Illinois requires only some injury in fact to a legally cognizable interest. (*Greer*, 122 Ill. 2d at 492.) The claimed injury must be (1) distinct and palpable, (2) fairly traceable to the defendant's actions, and (3) substantially likely to be prevented or redressed by the grant of the requested relief. (*Greer*, 122 Ill. 2d at 492-93.) There is no question that a diminution in the value of property is a legally cognizable interest. Economic injuries have long been recognized as sufficient to lay the basis for standing with or without a specific statutory provision for judicial review. (*Greer*, 122 Ill. 2d at 493.) Damage exists when a plaintiff's property has been wrongfully detained and the damage is equal to the loss sustained while the property was wrongfully detained. *Puritan Finance Corp. v. Gumdrops, Inc.* (1981), 101 Ill. App. 3d 888, 891-92, 428 N.E.2d 950, 953.

■ A motion to dismiss admits all well-pled facts. Its purpose is to raise an issue of law as to the legal sufficiency of the allegations of the complaint. (*Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 280, 433 N.E.2d 253, 256.) A motion to dismiss should not be granted unless it clearly appears that no set of facts could ever be proved that would entitle the plaintiff to recover. (*Ostendorf*, 89 Ill. 2d at 280.) A reviewing court, on appeal from an order granting a motion to dismiss, must determine whether the allegations of the complaint interpreted in the light most favorable to the plaintiff are sufficient to set forth a cause of action upon which relief may be granted. *Harris Trust & Savings Bank v. Chicago Title & Trust Co.* (1980), 84 Ill. App. 3d 280, 282-83, 405 N.E.2d 411, 414.

■ It is undisputed that beginning in September 15, 1982, until January 1988, plaintiffs were no longer able to transfer medallions due to the ordinance. It is also undisputed that the medallions were a valuable asset based upon their limited supply. Both plaintiffs alleged that in 1987 they "submitted assignment documents to the City of Chicago in an attempt to assign their right, title and interest in and to one or more of the medallions owned by the plaintiffs." Accepting the allegations of fact in the complaint as true, we do not believe that no set of facts could ever be proved that would entitle the plaintiffs to recover. With respect to the period September 15, 1982, until January 1988, the issues raised are not moot.

Whether the licensing provision prohibiting assignments or transfers was reasonably necessary to make effective the exercise of the admitted powers of the municipality was not decided by the court below or raised on appeal. Accordingly, we do not address that issue, but reverse the judgment granting the motion to dismiss and remand for further proceedings.

Reversed and remanded.

CERDA, P.J., and FREEMAN, J., concur.