**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210372-U

Order filed April 27, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0372 Circuit No. 01-CF-1211 |
| | ) | |
| JASON LAMONT JACKSON, | ) ) | Honorable Katherine S. Gorman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ALBRECHT delivered the judgment of the court.
Justices McDade and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*:    The circuit court failed to comply with this court's mandate on remand.

¶ 2      Defendant, Jason Lamont Jackson, appeals the dismissal of his postconviction petition, arguing that he made a substantial showing of actual innocence that warrants a third stage evidentiary hearing. We vacate and remand with directions.

¶ 3                             I. BACKGROUND

¶ 4        Following a jury trial, defendant was convicted of attempted first degree murder (720 ILCS 5/8-4(a), 9-1(a)(1) (West 2000)) and unlawful possession of a weapon by a felon (*id.* § 24-1.1(a)). The court sentenced defendant to 38 years' imprisonment for the attempted murder charge, to be served concurrently with 7 years' imprisonment for the unlawful possession of a weapon by a felon charge. On direct appeal, this court affirmed defendant's convictions. *People v. Jackson*, 3-02-0986 (2004) (unpublished order under Illinois Supreme Court Rule 23).

¶ 5        On March 28, 2005, defendant, as a self-represented litigant, filed a postconviction petition asserting ineffective assistance of counsel and actual innocence. As to the actual innocence claim, defendant alleged that he had newly discovered evidence in the form of Karl Nelms. Defendant included an affidavit signed by Nelms. The circuit court summarily dismissed defendant's petition.

¶ 6        This court reversed the summary dismissal on appeal, holding that defendant had stated the gist of a claim for actual innocence. *People v. Jackson*, 3-05-0301 (2007) (unpublished order under Illinois Supreme Court Rule 23). We remanded the matter for further postconviction proceedings. In our decision, we determined that an evidentiary hearing where Nelms testified could indeed result in a finding of actual innocence. We found that defendant's petition, along with the accompanying affidavit, made a substantial showing his constitutional rights had been violated.

¶ 7        On remand, the circuit court set the matter for second stage proceedings. It also appointed the public defender's office to represent defendant. On November 8, 2013, defense counsel appeared in court with the State and informed the court that he believed the matter should proceed to a stage-three evidentiary hearing. The State also believed that this court remanded the case for an evidentiary hearing, so there was no reason to continue with a second stage

2

proceeding. At the next court date, defendant stated that he disagreed with counsel and the State that the case was remanded solely to address his actual innocence claim because that would waive the rest of the issues in his postconviction petition. He believed that the remand permitted the court to address all claims in his petition. The circuit court stated that it would reread our order to determine what claims should proceed.

¶ 8 On March 20, 2015, after defense counsel had been granted several continuances to locate Nelms, Nelms was still unable to be found. Defendant requested to proceed without counsel, and the court granted his request.

¶ 9 On May 15, 2015, the court held a third-stage evidentiary hearing. At the hearing, the court stated that its interpretation of this court's order was that the matter was only remanded to address the actual innocence claim. On June 23, 2015, the court entered an order denying defendant's postconviction petition, and defendant subsequently filed a motion to reconsider.

¶ 10 On February 22, 2016, defendant filed a motion for leave to file a successive postconviction petition, which the court granted. Defendant's petition contained another actual innocence claim. It alleged that defendant met Davett Fisher in September 2015, and that Fisher told defendant he witnessed another person commit the offense that led to defendant's convictions. Defendant's petition included an affidavit signed by Fisher. The petition advanced to the second stage, and the State filed a motion to dismiss. On March 15, 2017, the court denied the petition in the same order where it denied defendant's motion to reconsider the denial of his first postconviction petition.

¶ 11 Defendant appealed, and we vacated the court's denial of defendant's initial postconviction petition following the third-stage hearing. In our order, we noted that defendant

had yet to receive the benefit of counsel who was in compliance with Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013). We further held that:

"In reaching our holding, we recognize that defendant elected to proceed *pro se* prior to the court's ruling on his initial petition. It is clear from this record that defendant elected to proceed *pro se* largely due to his frustration over counsel's erroneous belief that the only matter before the court on remand was an evidentiary hearing on the actual innocence claim related to Nelms's affidavit. As we have discussed, counsel's confusion was partially justified. Having clarified the procedural posture of this case, remand is appropriate to reset the starting point for the postconviction proceedings and to have defendant benefit from the services of counsel who is in compliance with Rule 651(c).

Finally, we note that the circuit court erroneously granted defendant leave to file a successive postconviction petition while his first petition was still pending. We vacate the court's orders granting defendant leave to file a successive petition and denying the successive petition. Accordingly, we do not address defendant's argument that the circuit court erred by not holding a third-stage evidentiary hearing on his successive petition. We note that defendant is not foreclosed from reasserting the actual innocence claim raised in his successive petition on remand in an amended initial postconviction petition on remand.

\*\*\*

For the foregoing reasons, we vacate the judgments of the circuit court of Peoria County denying the initial postconviction petition following the third-stage evidentiary hearing, granting leave to file a successive postconviction petition,

and denying the successive postconviction petition. We remand the matter with directions that the court appoint new counsel and hold new second-stage proceedings on defendant's initial postconviction petition. Counsel is directed to comply with the requirements of Rule 651(c)."

¶ 12    On remand, the circuit court appointed new counsel and set the matter for second-stage proceedings. The State filed a motion to dismiss both the initial and successive petitions, arguing that the claims involving Nelms had already received a third-stage hearing and that Fisher's affidavit was cumulative and not conclusive in nature.

¶ 13    Several court dates occurred before the hearing took place. The court initially continued the matter, explaining that it wanted one operative pleading before it, as it did not want to review or keep track of several pleadings that had been filed over the last decade. It also provided its interpretation of our order remanding the case for hearing, stating:

"So in March of '19, I re-appointed the Public Defender and asked him and the State to follow and read the appellate opinion, comply with the 651 requirements therein, which, per that opinion could include – first of all, that appeal confirmed we were proceeding on the original post-conviction petition filed in March of 2005. The appellate opinion said that based on the Defense attorney's obligations he could review with defendant any other allegations and make amendments if appropriate to the original post-conviction petition.

The Appellate Court specifically said the successive post-conviction petition that the defendant filed in 2016 was not to be considered at all but could be amended and added to the original post-conviction petition and that the matter was amended, remanded in the Appellate Court's words, to re-set the starting

5

point for the post-conviction proceedings and to have the Defendant benefit from the counsel, service of counsel compliant with 651."

¶ 14 The court also explained that "the 2005 initial post-conviction petition is moving forward. If there were any changes to be made to that, Defense counsel is going to do that. And then that would be addressed at Stage Two proceedings." Defense counsel and defendant stated that they were in agreement on how to proceed with the petition, and defense counsel acknowledged that he "should have taken the steps [the court] mentioned." The court continued the matter for hearing.

¶ 15 Defense counsel did not file any pleadings or motions, but defendant filed his own amended petition raising several ineffective assistance of counsel claims, as well as his actual innocence claim based on Fisher's affidavit. Defendant's amended petition did not include his actual innocence claims as they related to Nelms and failed to include Fisher's affidavit.

¶ 16 At the next court hearing, the State indicated that counsel had not filed an amended petition, but it believed that due to defense counsel filing a Rule 651(c) certificate, he was adopting defendant's pleadings. On this date, counsel neither confirmed nor denied this assumption.

¶ 17 The court heard arguments on the State's motion to dismiss on June 11, 2021. The State argued that Fisher's affidavit was cumulative and that the claims involving Nelms amounted to *res judicata*. Defense counsel argued that Nelms's and Fisher's affidavits were in fact significant pieces of evidence that were not cumulative and required an evidentiary hearing.

¶ 18 On July 19, 2021, the court entered an order dismissing defendant's petition. Defendant appeals.

¶ 19                                 II. ANALYSIS

¶ 20    We previously remanded this matter for new second-stage proceedings on defendant's initial postconviction petition. We noted that remand would be appropriate to "reset" the postconviction process and suggested the initial postconviction petition on remand be amended to include the claims in defendant's successive petition. Further, we determined remand was necessary to afford defendant the benefit of services of counsel who would comply with Rule 651(c). We gave directions that the circuit court hold new second-stage proceedings based on the initial postconviction petition and any amendments filed thereafter, and that counsel comply with the requirements of Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013).

¶ 21    The record reveals that, after this court's mandate was issued, counsel did not file an amended postconviction petition as we suggested. The circuit court even indicated it was counsel's responsibility to amend the petition if necessary but proceeded to hearing without receiving any amendments from counsel. Instead, defendant was forced to file his own amended postconviction petition which counsel argued at the hearing, even though he never clearly stated he adopted it and also made arguments at the hearing regarding Nelms that were not included in the amended petition. The Nelms claim counsel argued derived from the initial postconviction petition instead of the amendment. Thus, it is clear that arguments were not based on one operative pleading as instructed by the circuit court.

¶ 22    It is the circuit court's responsibility to ensure that the directions in our mandate are followed on remand. *People ex rel. Daley v. Schreier*, 92 Ill. 2d 271, 276 (1982). "[A] trial court must obey the clear and unambiguous directions in a mandate issued by a reviewing court." *Id.*; see also *Puritan Finance Corp. v. Gumdrops, Inc.*, 101 Ill. App. 3d 888, 891 (1981) ("where a direct order with instructions has been issued by this court, a trial judge has no discretion in the matter and must follow the mandate"). This did not occur here. The court very clearly

7

understood from our mandate that counsel should have amended the petition yet proceeded to hearing without such an amendment from counsel.

¶ 23 We therefore find that the court did not follow our mandate because it failed to ensure that defendant received a full and fair second-stage proceeding with the benefit of counsel. We have inherent authority to compel compliance with our orders, thus we must again vacate the court's dismissal of defendant's postconviction petition and remand the cause to the circuit court for new second-stage proceedings. See *People v. Stephens*, 2012 IL App (1st) 110296, ¶ 123; see also *People v. Feyrer*, 269 Ill. App. 3d 734, 739 (1994) ("this court may, in the exercise of its responsibility to insure that a cause has a just result, ignore the doctrine of waiver and decide a case on grounds not properly raised or not raised at all by the parties."). On remand, we direct the court to appoint new counsel and direct counsel to file one operative pleading, which should include all viable claims from the initial and amended petition. Moreover, defendant shall not be permitted to file any *pro se* pleadings so as to avoid confusion or a repeat situation from occurring. We further direct the court to consider all claims in the postconviction petition as amended, no matter if they have already received a hearing.

¶ 24 III. CONCLUSION

¶ 25 The judgment of the circuit court of Peoria County is vacated and remanded with directions.

¶ 26 Vacated and remanded.